David M. Whittaker, Columbus, Ohio, Jennings W. Hurt, Dayton, Ohio, for defendants/debtors.

Michael Staudt and John Garmhausen, Sidney, Ohio, for plaintiff.

In re William G. HEINTZ, Lois A. Heintz, Debtors.

The FIRST NATIONAL BANK, SIDNEY, OHIO, Plaintiff,

v.

William G. HEINTZ, Lois A. Heintz, Defendants.

Bankruptcy No. 3–86–00519.
Adv. No. 3–86–0119.

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 21, 1987.

### DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon "Defendants' Motion for Summary Judgment as to Plaintiff's Cause of Action Alleging Willful and Malicious Injury to Crops."

In its amended complaint, plaintiff alleges that "debtros/defendants unlawfully and without authorization disposed of ... crops which were subject to a security interest held by plaintiff by secretly and fraudulently transferring the assets to unknown third parties." (Doc. 17) Defendants have moved for summary judgment on the ground that a security agreement signed by them and an accompanying fi-

nancing statement do not comply with Ohio law and, therefore, plaintiff was never granted a valid security interest in defendants' crops nor was any purported security interest ever perfected against third parties. Consequently, defendants argue, the plaintiff had no property interest in the crops which could be maliciously converted or injured by defendants. Specifically, defendants refer to Ohio Rev. Code § 1309.-14(A)(1) [U.C.C. § 9–203(1)(a)] which provides that a security interest is not enforceable against a debtor or third parties with respect to growing crops unless the security agreement contains a description of the land concerned.[1] Defendants submit that there is nothing in either the security agreement or the financing statement indicating where defendants' crops were to be grown. An examination of the security agreement (Exhibit A), however, reveals that defendants are in error regarding their allegation of a complete absence of a real estate description. The security agreement describes the collateral as "all growing crops, consisting of approximately 750 acres corn, 300 acres beans, and 200 acres of wheat." Provision 2 of the security agreement states that the collateral shall be kept at the address shown at the beginning of the security agreement, i.e. 19907 Botkins Rd., Jackson Center, Ohio. The issue before the court, then, is whether the listing of defendants' street address is an insufficient description of the real estate for purposes of Ohio Rev. Code § 1309.-14(A)(1). Defendants have not furnished the court with any Ohio case law concerning this precise issue nor has the court been able to locate such a case. However, Ohio Rev. Code § 1309.08 [U.C.C. § 9–110] provides that "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

The requirement of description of collateral (see RC § 1309.14 [UCC 9–203] and Comment thereto) is evidentiary.

The test of sufficiency of a description laid down by this section is that the description do the job assigned to it— that it make possible the identification of the thing described. Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called "serial number" test....

Official Comment to U.C.C. § 9–110.

With respect to the role of Ohio Rev. Code § 1309.14 [U.C.C. § 9–203] it has been observed that "[t]he primary function of 9–203 is that of a statute of frauds; it is designed mainly to minimize disputes over whether there was an agreement and over what collateral it could have covered." White and Summers, Handbook of the Law Under the Uniform Commercial Code, p. 910 (2d ed. 1980).

For defendants to prevail on their motion for summary judgment, it must appear that there is no genuine issue as to any material fact and that the defendants are *entitled to a judgment as a matter of law.* Fed.R. Civ.P. 56(c). Defendants are not entitled to judgment as a matter of law unless it can be said that under Ohio law a listing of a street address on a security agreement is per se an insufficient description of real estate for purposes of Ohio Rev. Code § 1309.14 [U.C.C. § 9–203] or that the undisputed facts in the case before the court establish that the description was inadequate. It is clear from the Official Comment to U.C.C. § 9–110 [Ohio Rev. Code § 1309.08] that something less than a precise legal description of real estate is required to be contained in a security agreement. Because of the flexibility contained in the "reasonable identification" standard of Ohio Rev. Code § 1309.08 and based on the lack of direction from Ohio case law, this court cannot find that defendants' de-

---

**1.** Defendants also cite Ohio Rev. Code § 1309.39 [U.C.C. § 9–402] which requires any financing statement covering growing crops to contain a description of the pertinent real estate. That statute, however, involves perfection of a security interest against third parties. Perfection is irrelevant in the instant matter; the issue is whether the security agreement is enforceable between the original parties to the security agreement and is governed by Ohio Rev. Code § 1309.14.

184

scription of their real estate by street address is as a matter of Ohio law inadequate for purposes of Ohio Rev. Code § 1309.14 [U.C.C. § 9–203]. In examining the particular facts of the case before the court, nothing has been submitted by defendants indicating that the description of defendants' real estate in the security agreement was insufficient to enable the parties to reasonably identify defendants' land. (The court assumes that defendants, at least, knew the location of their own land.) Therefore, a valid and enforceable security agreement existed between plaintiff and defendants. (It is not necessary to this decision and the court makes no finding regarding the adequacy of a street address for purposes of "perfecting," as opposed to creating, a security interest.)

For the foregoing reasons defendants are not entitled to judgment as a matter of law under Fed.R.Civ.P. 56 and defendants' motion for summary judgment is DENIED.